UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK DONEHUE LUETKEMEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV00324 ERW |
| ) | |
| ST. LOUIS UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon Mark Donehue Luetkemeyer's filing of a Financial Affidavit (CJA 23), which this Court will liberally construe as a motion for leave to proceed without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of plaintiff's financial information, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief under 42 U.S.C. § 2000e-5 (Title VII), 29 U.S.C. §§ 621, et seq. (Age Discrimination in Employment Act of 1967), 42 U.S.C. §§ 12101, et seq. (American with Disabilities Act of 1990), 29 U.S.C. §§ 701, et seq. (Rehabilitation Act of 1973) and "Missouri Human Rights Law." Plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission and Missouri Commission on Human Rights in 1995. Plaintiff has not filed a copy of his Notice of Right to Sue Letter, but rather states that a copy of the letter was submitted in a previously-filed case. See Luetkemeyer v. St. Louis University, No. 4:94-CV-1376-WSB (E.D.Mo.).

Upon review of this Court's records, it appears that plaintiff previously filed a Title VII action against St. Louis University on August 4, 1994, and that the case was dismissed, with prejudice, on January 13, 1995. See id. Moreover, it appears that the allegations set forth in the instant complaint arise out of the same facts and circumstances as those advanced in plaintiff's 1994 complaint. "[A]n issue may not be relitigated in a second lawsuit where that issue had previously been litigated in a prior lawsuit which involved the same cause of action. Furthermore, issues which might have been raised in the first lawsuit may not be raised in a second lawsuit arising out of the

2

same cause of action." Robbins v. District Court of Worth County, Iowa, 592 F.2d 1015, 1017 (8th Cir. 1979).

In addition, the instant action is time-barred, given that this case was filed well after the expiration of the ninety-day limitations period. See Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004) (Title VII cases must be filed no later than ninety days after the right-to-sue letter issues). Cases filed after the ninety-day limitations period must be dismissed as untimely. Id. As such, the instant complaint will be dismissed as legally frivolous under § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and duplicative under 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

So Ordered this 6th Day of March, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE